UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

FRESCO, LLC

                      Plaintiff,

             -v-

SUNSHINE FRESH FOODS, LLC, *et al.*,
                      Defendants.

20-CV-8733 (JPO)

MEMORANDUM
AND ORDER

---------------------------------------------------------------

J. PAUL OETKEN, District Judge:

      Plaintiff Fresco, LLC alleges that it sold Defendants Sunshine Fresh Foods, LLC and Douglas Diaz perishable agricultural commodities, including avocados, limes, and pineapples. (*See* Dkt. No. 1 ("Compl.") ¶ 9; Dkt. No. 1-1 ("Invoice") at 2.)  Plaintiff asserts claims under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e(b)(2) (*see* Compl. ¶¶ 8-40,) and a claim for breach of contract under New York law (*see* Compl. ¶¶ 41-44.)  Defendants were served but never appeared (*see* Dkt. No. 5 at 1-2; Dkt. No. 6 at 1-2), and their defaults were certified (*see* Dkt. No. 15 at 1; Dkt. No. 16 at 1.)  Plaintiff moves for default judgment.  (*See* Dkt. No. 19).  Plaintiff has served that motion and supporting papers.  (*See* Dkt. No. 25.)

      The motion for default judgment is granted.

**I.**    **Discussion**

      **A.**    **Default**

      Federal Rule of Civil Procedure 55 establishes a two step-process for entering judgment against a party who fails to defend.  *See City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011).  First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  Second, "the party must apply for a default judgment." Fed. R. Civ. P. 55(b).  Defendants were served.  (*See* Dkt.

No. 5 at 1-2; Dkt. No. 6 at 1-2.)  By not filing a responsive pleading, Defendants have failed to defend, and the Clerk has certified their default.  (*See* (*See* Dkt. No. 15 at 1; Dkt. No. 16 at 1.)

**B.     Liability**

Before entering default judgment, a district court is "required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (alterations omitted).  The "legal sufficiency of these claims is analyzed under the familiar plausibility standard." *CKR L. LLP v. Anderson Invs. Int'l, LLC*, 544 F. Supp. 3d 474, 482-83 (S.D.N.Y. 2021).  In conducting that assessment, well-pleaded allegations are taken as true, as the defendant's default "is deemed to constitute a concession of all well-pleaded allegations of liability." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992).

Plaintiff has stated at least its breach-of-contract claim under New York law.[1]  "To state a claim for breach of contract under New York law, 'the complaint must allege: (i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages.'" *Orlander v. Staples, Inc.*, 802 F.3d 289, 294 (2d Cir. 2015).  The

---

[1] It is unclear whether Plaintiff has adequately stated a claim under PACA.  To make out a PACA claim, a plaintiff must allege that "the purchaser of the perishable agricultural commodities was a merchant, dealer, or broker," usually meaning a "person engaged in the business of buying or selling in wholesale or jobbing quantities, as defined by the Secretary, any perishable agricultural commodity in interstate or foreign commerce." *Ryeco, LLC v. Legend Produce Inc.*, No. 20-CV-4044, 2021 WL 2742873, at *4 (E.D.N.Y. May 24, 2021), *report and recommendation adopted*, 2021 WL 2741605 (E.D.N.Y. July 1, 2021.)  Regulations define "wholesale or jobbing quantities" as "aggregate quantities of all types of produce totaling one ton (2,000 pounds) or more in weight in any day shipped, received, or contracted to be shipped or received." 7 C.F.R. § 46.2(x).  Further, PACA requires that a "dealer" have an "invoice cost . . . in excess of $230,000." 7 U.S.C. § 499a(b)(6)(B).  The complaint contains allegations that are conclusory in this respect.  (See Compl. ¶ 5.)  However, Plaintiff does state a claim for breach of contract.  Because the relief requested is the same on the PACA and breach of contract claims, it is unnecessary to decide whether the complaint adequately states a PACA claim.

complaint alleges that from January 2019 through August 2019, Sunshine Fresh Foods, LLC purchased "fresh fruits and vegetables on credit" from Fresco, LLC. (Compl. ¶ 42.) It alleges that Fresco, LLC "delivered the perishable agricultural commodities," which Sunshine "received and accepted . . . without any objection." (Compl. ¶¶ 10-11.) It alleges that Sunshine "has failed and refused to pay for the commodities despite repeated demands." (Compl. ¶ 14.) And it has attached invoices quantifying the money owed. (*See* Dkt. No. 1-1 at 2-8.) Those allegations raise an inference that Defendant breached a purchase contract for agricultural commodities.

      **C.**    **Damages**

On a motion for a default judgment, "a defendant's default does not constitute an admission as to the damages claimed in the complaint." *A&B Alternative Mktg. Inc. v. Int'l Quality Fruit Inc.*, 521 F. Supp. 3d 170, 176 (E.D.N.Y. 2021) (citing *Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158). Instead, the "burden is on plaintiff to establish, by a reasonable certainty, his entitlement to the relief requested." *Id.* (citing *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)). "To determine damages, the court may conduct an inquest . . . or it may rely on the affidavits and other documentary evidence provided by plaintiff, obviating the need for a hearing on damages." *Id.* (citing *Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 189 (2d Cir. 2015)). There is no need for an inquest here.

Plaintiff has substantiated its request for $8,177.69 as a principal amount in damages with documentary evidence. (*See* Dkt. No. 19 at 1.) Under New York law, "[a] party injured by breach of contract is entitled to be placed in the position it would have occupied had the contract been fulfilled according to its terms." *Merrill Lynch & Co. Inc. v. Allegheny Energy, Inc.*, 500 F.3d 171, 185 (2d Cir. 2007). Plaintiff has provided invoices that establish $8,177.69 as "the unpaid amount[]." *A&B Alternative Mktg. Inc.*, 521 F. Supp. 3d at 176; (Dkt. No. 1-1 at 2-8.)

Further, Plaintiff has adequately pleaded that Douglas Diaz controlled Sunshine Fresh Foods LLC during the relevant period, so Defendants are jointly and severally liable for these damages. *See A&B Alternative Mktg. Inc.*, 521 F. Supp. 3d at 176; (Compl. ¶¶ 6, 31-35.)

Plaintiff has also substantiated his request for prejudgment interest at a rate of nine percent interest per annum from October 20, 2020, which is the date of the filing of the complaint. (*See* Dkt. No. 20 at 2.)  Under New York law, "a plaintiff who prevails on a claim for breach of contract is entitled to prejudgment interest as a matter of right." *U.S. Naval Inst. v. Charter Commc'ns, Inc.*, 936 F.2d 692, 698 (2d Cir. 1991); *see* N.Y. C.P.L.R. § 5001.  Interest is "computed from the earliest ascertainable date the cause of action existed," N.Y. C.P.L.R. § 5001(b), "at the rate of nine per centum per annum," § 5004, and where, as here, the plaintiff requests the filing date, a district court may "choose the date of the commencement of the action in accordance with the New York Rule," *Conway v. Icahn & Co.*, 16 F.3d 504, 512 (2d Cir. 1994).

Plaintiff has also substantiated its request for postjudgment interest.  (*See* Dkt. No. 19 at 1.)  By federal statue, "an award of postjudgment interest is mandatory." *Shipani v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008).  28 U.S.C. § 1961(a) provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court," and "[s]uch interest shall be calculated from the date of the entry of the judgment."  The rate equals "the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." *Id.*  Plaintiff is automatically entitled to post-judgment interest interest at that rate.

Plaintiff's requests for fees and costs are denied without prejudice and leave to renew. Plaintiff has not "disclose[d] the hours expended or the rate charged, as an award of attorneys'

fees requires." *A&B Alternative Mktg, Inc.*, 521 F. Supp. 3d at 176-77. Further, Plaintiff has not identified what costs it seeks to recover. *See id.* Absent this documentation, an award is improper.

## II.   Conclusion

For the foregoing reasons, Plaintiff's motion for default judgment is GRANTED. Plaintiff is awarded $8,177.69, with prejudgment interest at nine percent from October 20, 2020, to the date that judgment is entered, jointly and severally from Defendants Douglas Diaz and Sunshine Fresh Foods LLC.

Plaintiff's request for attorney's fees and costs is denied without prejudice to renewal, provided that any renewed and adequately supported request for fees and costs shall file filed within 30 days after the date of this order.

The Clerk of Court is directed to enter judgment accordingly.

The Clerk of Court is directed to close the motion at Docket Number 19 and to mark this case as closed.

SO ORDERED.

Dated: March 28, 2022
       New York, New York

_____
J. PAUL OETKEN
United States District Judge